*John A. Boykin, solicitor-general, J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand,* contra.

## 30283. EVANS v. THE STATE.

MACINTYRE, J. 1. The undisputed evidence was that the photographs introduced in evidence were true and correct, and showed the condition of the room as it was at the time of the homicide, and it was not error to admit them in evidence over the objection that "it was a conclusion of the witness as to whether the pictures were true and correct," the witness having testified that she was familiar with the scene of the homicide and was present before, at the time of, and after the killing. Nor was

it a good ground of objection that "there was no proof here from any-body who took those photographs." *Southern Railway Co.* v. *Lunsford*, 57 *Ga. App.* 53, 63 (194 S. E. 602); *Coffee County* v. *Denton*, 64 *Ga. App.* 368 (2), 372 (13 S. E. 2d, 209).

2. Although the rule as to sequestration of witnesses had been invoked, the court did not abuse its discretion in permitting the State to place Mrs. H. H. Mixon, the wife of the deceased, on the stand after the State had closed its case and the defendant had introduced evidence and made a statement, over the objection that Mrs. Mixon had been present in the court-room during the trial of the case. This is especially so in view of the fact that counsel for the State had stated: "I just want to prove by Mrs. Mixon that [the deceased] did not own a pistol. That is all I want to prove by her. It is in rebuttal. I had not planned to use her. I could not anticipate the defendant's defense, and I am not going into anything except what is in direct rebuttal to what the defendant testified." *Wallace* v. *Mize*, 153 *Ga.* 374 (8) (112 S. E. 724); *Best* v. *State*, 176 *Ga.* 46 (166 S. E. 772).

3. "The fact that a witness has been convicted of a crime involving moral turpitude may be considered in determining his credibility." *Powell* v. *State*, 122 *Ga.* 571 (2) (50 S. E. 369). The conviction of the defendant under an indictment for soliciting for prostitutes as defined in the Code, § 26-6201, is a conviction for a crime involving moral turpitude, for it requires no discussion to argue or prove that this offense is so base, vile, and shameful as to leave the offender not wanting in depravity, which words "moral turpitude" imply. The court did not err in allowing the State to prove the conviction of the witness for this crime for the purpose of impeachment. *Holloway* v. *Holloway*, 126 *Ga.* 459 (55 S. E. 191, 115 Am. St. R. 102, 7 Ann. Cas. 1164, 7 L. R. A. (N. S.) 272); *Bird* v. State, 66 Tex. Cr. 611 (148 S. W. 738); *Kemp* v. Board of Medical Supervisors, 46 App. D. C. 173, 183.

4. The court did not err in allowing in evidence the tan-colored jacket, the vest, the pair of trousers, the shirt, the underwear shirt, one pair of underwear pants, all being identified as the bloody clothing worn by the deceased at the time he was cut to death by the defendant. Nor did the court err in allowing in evidence the blood-stained knife, which was found in the pocket of the defendant when he was captured on the same day, a short time after the killing.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*

DECIDED JANUARY 11, 1944.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. E. Andrews, Durwood T. Pye,* contra.