## 53008. BURRELL v. THE STATE.

MARSHALL, Judge.

    Appellant brings this appeal from his conviction of burglary and sentence to 10 years in the penitentiary. He enumerates 10 alleged errors dealing with the sufficiency of the evidence, the denial of motions for mistrial, the admissibility of evidence and the charge of the trial court. *Held:*

    1. In his first enumerations of error (a through d) appellant asserts that the evidence was insufficient to warrant his conviction. The evidence shows that police officers responded to a silent burglar alarm. They found two men on the roof of a building which had been burgled. One of these men had a shotgun in his hands and stocking gloves covering his hands. The other person on the roof was the appellant. Further investigation showed that forced entry had been obtained into the building and that a rack of shotguns, which had been full at the time the store closed the evening before, was then partially empty. Because only one shotgun had been recovered from one of the two men on the roof and the officers had reason to

believe that eight shotguns were missing from the rack, the police officers searched the vehicle of the co-defendant which was parked at the back of the store and known to the officers to belong to the co-defendant. Seven additional shotguns were discovered in the vehicle. An employee of the store was allowed to testify that he knew that seven or eight guns were missing from the rack. He saw the guns taken from the co-defendant's vehicle and because of the peculiar tag markings on the guns knew that they were guns belonging to the store. This witness also testified that to his knowledge, the guns had not been sold but were the guns taken from the rack.

These facts were sufficient to support the verdict of the jury. While the evidence did not show that the appellant had been found inside the store or in actual possession of any of the guns, the circumstances pointed to the appellant's involvement in the removal of the guns from the store and the placing of them in the vehicle. While the verdict of guilty was not demanded, it was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might not, by bare possibility, have been done by another. *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125). Questions of reasonableness are generally to be decided by a jury and if the jury is authorized by the evidence to find appellant guilty, the appellate court will not disturb the finding, unless the verdict of guilty is unsupportable as a matter of law. *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643). The evidence in this case was sufficient to meet the required test. These enumerations of error are without merit.

2. The fifth enumeration of error misconstrues the law. The state had furnished appellant with a list of witnesses which included the name of an employee of the store. On the day before the trial the district attorney indicated to the defense he would call the owner of the store to establish the loss of weapons and would not call the named employee. When the owner testified that the list of missing weapons had been compiled by the employee, the state indicated it would have to call the witness after all. Appellant complains that he was misled and that he should have been granted a continuance. This

enumeration is without merit. In the first place the defense was informed of the witness prior to trial. In the second place appellant did not move for a continuance but asked for a mistrial. The court did not err in refusing the mistrial or in allowing the witness to testify. State's counsel indicated in his place that he had to call the witness because of the unexpected turn of events. There was no surprise to appellant.

3. During the testimony of one of the apprehending police officers, it was brought out that a search of the vehicle had disclosed seven shotguns. In order to qualify the search the officer was asked why he looked for the additional guns. Upon his reply that he had been informed by an employee of the store that eight guns were missing, the appellant moved for a mistrial on grounds of prejudicial hearsay.

The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness, that acting on such information, he discovered other facts connecting the accused with the crime in question. *Coleman v. State,* 127 Ga. 282 (56 SE 417). Hearsay testimony may be admitted for the purpose of explaining conduct. *Lundy v. State,* 130 Ga. App. 171, 174 (4) (202 SE2d 536). When offered and admitted for the purpose of explaining conduct and to ascertain motives, evidence which is otherwise hearsay becomes original evidence for that purpose. Code § 38-302; *Lingerfelt v. State,* 231 Ga. 354, 356 (4) (201 SE2d 445); *Lloyd v. State,* 139 Ga. App. 625, 626. The trial court did not err in admitting the questioned evidence nor in refusing the motion for mistrial based thereon.

4. Three of appellant's enumerations deal with the admissibility of testimony and real and documentary evidence dealing with the identity of the stolen shotguns. One concerns itself with the failure of the evidence to connect the guns directly to appellant as opposed to his co-defendant. As indicated in Division 1 of this opinion, we conclude that the circumstantial evidence was more than sufficient to connect the appellant to the burglary of the guns. See *Gee v. State,* 130 Ga. App. 634, 635 (204

SE2d 329); *Rogers v. State,* 139 Ga. App. 656, 659.

There was evidence indicating that the store employee was aware that eight guns had been removed from the gun rack. He saw these weapons removed from the car and returned to the store. He prepared an inventory of the missing weapons, and also recognized tags that had been placed upon each weapon with a code the witness testified was unique to the store. These weapons clearly and indisputably were identified as being the property of the store owner and as having been removed from his store. The trial judge did not err in allowing the guns into evidence even though the guns were not checked by serial number against the store records. Any error that might have occurred when the employee testified from the list prepared by him was harmless as being, at worst, cumulative evidence. *Glass v. State,* 235 Ga. 17 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14 (189 SE2d 53).

5. In his final enumeration of error, appellant complains that the trial court erred in charging on a theory of conspiracy during a recharge to the jury, at the jury's request for further explanation, where the court had not given such a charge originally. Appellant asserts this amounts to an impermissible comment upon the evidence.

Where the evidence tends to show a conspiracy a charge upon the subject is not error even if not alleged in the indictment. *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784). The jury had indicated some confusion on that portion of the charge dealing with mere presence at the scene. The trial court undertook to clarify that confused area by charging more fully on the underlying law of conspiracy. It is not only the privilege, but the duty of the court to state the legal effect of testimony when called on to do so by the jury. The construction of the law arising from undisputed facts is undoubtedly within the jurisdiction of the court. *Thornton v. Lane,* 11 Ga. 459; *McNeill v. State,* 135 Ga. App. 876 (219 SE2d 613). See *Kimberly v. State,* 4 Ga. App. 852 (4) (62 SE 571); *Shouse v. State,* 231 Ga. 716, 720 (13) (203 SE2d 537). The trial court tailored its instructions to the question raised by the jury, as it was its duty to do.

Thereafter the court carefully admonished the jury that the recharge was not to be taken as an expression of opinion by the court. This enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED JANUARY 7, 1977.

*James M. Rea,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.