## 66582. ROGERS v. THE STATE.

Deen, Presiding Judge.

Bobby J. Rogers was convicted of two counts of violating the Georgia Controlled Substances Act and appeals following the denial of his motion for a new trial, contending that the trial court erred in allowing into evidence a conversation between an informer and a detective which was not made in his presence. *Held:*

The one-page brief supporting this enumeration of error does not refer to the page in the transcript where this testimony can be found or cite any legal authority in support of the argument. The transcript, however, does contain the direct examination of a police detective who testified that he received a telephone call from a confidential informant, and an objection was raised that the defendant was not present when the conversation took place. The Assistant District Attorney stated that he did not insist on the contents of the conversation, "but we'll do it in that order, rather than go to the conversation and then the conduct. We'll do the conduct and then we'll explain it by the conversation he may have had with the confidential informant." The court accepted this method of

presenting the evidence and permitted defense counsel to renew his objection if the state went into the substance of the conversation. This procedure was followed, and no objection was raised when the state examined the witness about the conversation.

OCGA § 24-3-2 (Code Ann. § 38-302) provides for an exception to the hearsay rule during the course of a legal investigation for "information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives." This rule applies to information received from confidential informants. *Bennett v. State,* 153 Ga. App. 21 (264 SE2d 516) (1980); *Burrell v. State,* 140 Ga. App. 900 (232 SE2d 172) (1977).

In his amended motion for a new trial, the defendant contended that the court erred in admitting into evidence Detective Henning's testimony as to a conversation he had with Detective Goodbar, to which an objection was raised. This testimony was the same as that previously elicited from Goodbar and was offered solely to explain the conduct of an investigating officer. This issue and the general grounds which were also raised in the motion, have not been preserved for appeal, as they are not addressed in the brief by argument or citation to authority. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 7, 1983.

*James R. Venable,* for appellant.
*W. Bryant Huff, District Attorney, Robert V. Rodatus, Assistant District Attorney,* for appellee.