## 40349. IVESTER v. THE STATE.

CLARKE, Justice.

Appellant was convicted of murder by a Stephens County jury for the shooting death of Tracy Alan Powers. He was sentenced to life imprisonment and brings this appeal. He alleges errors involving the voir dire procedure, admissibility of allegedly prejudicial statements, voluntariness of his confession and the failure of the state to disclose certain information prior to trial. We affirm.

The shooting occurred on the evening of February 4, 1983, in the parking lot of a store in Toccoa, Georgia. Appellant and several other people he knew had been driving around town and "hanging out." The parking lot was apparently a local meeting place. Appellant

arrived there alone in his car. There were two other cars present in which two groups of women had been riding and they were having an argument. The victim, Powers, arrived with friends in another car.

The evidence showed that Powers went to the two cars where the women were talking. Appellant then pushed or touched Powers who turned and struck appellant with his fist. Appellant then picked up his gun which had fallen to the pavement when he was hit and fired three or four shots striking Powers in the chest and in the back. There was evidence that the shot to the back occurred while Powers was attempting to run back to his car. Appellant left the scene in his car and was arrested later that night at his home.

1. Appellant first contends that the trial court erred in denying his challenge to the array of the traverse jury and in failing to call each juror individually to be placed under voir dire out of the presence of each other. The court has discretion in determining whether or not sequestered examination should be granted in a particular case. *Finney v. State,* 242 Ga. 582 (250 SE2d 388) (1978); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973). We find no showing of abuse of discretion here and no error in failing to grant sequestered examination.

In his challenge to the array the appellant sought to have each juror called, be given the statutory voir dire questions individually (OCGA § 15-12-164 (Code Ann. § 59-806 et seq.)), and then immediately placed under individual voir dire. The judge announced that he would place the jurors in the box in panels of twelve, ask them to state their names and other personal information and then allow counsel to question each one individually.

Appellant contends that he should have been entitled to have each juror called and put upon him at the onset of voir dire. In support of this argument he relies on *Williams v. State,* 60 Ga. 367 (1878) and OCGA § 15-12-164 (Code Ann. § 59-806 et seq.).

The practice of administering the statutory questions to the jury en masse in a felony case was upheld by this court in *Arnold v. State,* 236 Ga. 534 (224 SE2d 386) (1976). We noted that *Williams,* supra, and other cases to the contrary were decided prior to the adoption of a 1955 law now codified in OCGA § 15-12-133 (Code Ann. § 59-705). This section provides for the right to individual examination in criminal cases "after the usual voir dire questions have been put by the court." OCGA § 15-12-133 (Code Ann. § 59-705). It was also not error to place the jurors before the accused in panels of twelve. OCGA § 15-12-131 (Code Ann. § 59-720). The appellant was given full opportunity to individually examine each juror.

2. Appellant next contends that the court erred in allowing a police officer to testify as to a statement made to him by appellant's

wife when he was entering the home to make an arrest. He contends it was inadmissible hearsay and so prejudicial that reversal is required. A motion in limine was overruled on this issue prior to trial and again denied at trial.

After the shooting in the parking lot, officers were trying to find appellant and his automobile. A deputy from the Stephens County Sheriff's office had been looking for appellant's residence and later spotted appellant's car. The driver and sole occupant of the car was appellant's wife. The officers spoke with her and then followed her to the home. The officer testified that when they arrived at the residence and again confronted Mrs. Ivester, she threw the keys at them and stated, "go on in if you want to get shot." The officers then entered with guns drawn and located the appellant in a bedroom with a pistol in his hand. When confronted by the armed officers, appellant allowed the officer to take the gun from his hand and offered no other resistance.

The trial court allowed the above statement in evidence on the ground that it was admissible to explain the conduct of the officer while making the arrest. OCGA § 24-3-2 (Code Ann. § 38-302). Appellant contends it was irrelevant to any issues on trial and its sole purpose was to prejudice the minds of the jurors against him.

Under OCGA § 24-3-2 (Code Ann. § 38-302) out-of-court statements may be admitted as original evidence to explain conduct. While such statements may be admissible to explain the conduct or motive of a law enforcement officer, the conduct must involve "matters concerning which the truth must be found (i.e., are relevant to the issues on trial)." *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982). The state contends the statement was relevant to explain the manner in which the officers entered the house with weapons drawn and the circumstances of finding the appellant armed in the bedroom. The statement does tend to explain the behavior of the officers. The issue under *Momon* is whether their conduct was relevant to the issues before the jury.

The facts and circumstances surrounding the arrest of a defendant have been held to be relevant and admissible during the trial of a criminal case. *Clements v. State,* 226 Ga. 66 (172 SE2d 600) (1970). Since the statement explained the circumstances of the arrest it would meet the original evidence requirements of OCGA § 24-3-2 (Code Ann. § 38-302).

The fact that a statement may be properly admitted under OCGA § 24-3-2 (Code Ann. § 38-302) does not overcome other objections such as impermissibly placing character in evidence. *Anderson v. State,* 252 Ga. 103 (312 SE2d 113) (1984). Here the statement was a spontaneous exclamation at the scene of the arrest

which we have determined was relevant. Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant. *Bowles v. State,* 155 Ga. App. 753 (272 SE2d 595) (1980); *Spencer v. State,* 236 Ga. 697 (224 SE2d 910) (1976). Furthermore, there is no harm shown which could require reversal since there was other admissible evidence that appellant was waiting in a bedroom with gun in hand when found by the officers.

3. Appellant contends the trial court should have granted his motion for mistrial based on testimony by a detective that a witness to the incident was scared to testify. This statement was elicited by the state on redirect examination. During cross-examination defense counsel was questioning the officer about why all of the people at the scene were not being called by the state.

The court excused the jury when the mistrial motion was made. The district attorney informed the court that the witness was present but very nervous and he doubted he would put her on the stand. The court denied the mistrial and then instructed the jury to disregard the officer's statement and that whether or not a witness was scared or nervous had no bearing on the case. A mistrial should be granted if a fair trial cannot be preserved; the trial court has discretion in granting or denying such motions. *Woods v. State,* 233 Ga. 495 (212 SE2d 322) (1975). Under these circumstances we find no error in the court's refusal to grant the mistrial.

4. After the arrest the appellant was first questioned by an agent of the Georgia Bureau of Investigation at around 11:00 a.m. A waiver of rights form was signed and appellant gave a short version of the shooting. This statement was not reduced to writing. The agent testified that appellant had been drinking but was not drunk. Later that day at 1:45 p.m. another waiver was signed and a written confession was taken which was more detailed but consistent with the earlier statements of the appellant. The record of the Jackson-Denno hearing supports the trial court's determination that the confession was freely and voluntarily given.

Error is also asserted on the fact that the defense was only given a copy of the second confession and that all statements of the accused must be reduced to writing and produced pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302). However, the pre-trial request did not invoke the provisions of OCGA § 17-7-210 (Code Ann. § 27-1302) as required by *McCarty v. State,* 249 Ga. 618 (292 SE2d 700) (1982), and *Tabb v. State,* 250 Ga. 317 (297 SE2d 227) (1982). Furthermore, there was no objection at trial on this ground and the earlier oral statement was the same as the written statement which was produced.

Appellant was given a list of the state's witnesses prior to trial.

He filed a motion to produce any statement by any witness the state intended to call at trial in advance of the trial itself, and a motion to produce all statements of those witnesses who would not be called by the state at trial. Appellant does not argue that exculpatory evidence has been withheld in violation of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). He contends that he was entitled to these statements under *Brown v. State,* 238 Ga. 98 (231 SE2d 65) (1976), and OCGA § 24-10-26 (Code Ann. § 38-801). However, copies of witnesses' statements in the prosecutor's files are not subject to production under the statute. *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978); *Gilreath v. State,* 247 Ga. 814 (279 SE2d 650) (1981). We find no error.

5. In reviewing the charge of the court we find no error or prejudice to the appellant.

*Judgment affirmed. All the Justices concur, except that as to Division 2, Hill, C. J., and Weltner, J., concur in the judgment only. Marshall, P. J., concurs in the judgment only.*

DECIDED MARCH 7, 1984 —
REHEARING DENIED MARCH 28, 1984.

*James T. Irvin,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.