### 40720. TEAGUE v. THE STATE.

WELTNER, Justice.

We granted certiorari to consider the holding of the Court of Appeals in *Teague v. State,* 169 Ga. App. 285, 289 (5) (312 SE2d 818) (1983), as follows:

"Error is next assigned to the trial court's admission of certain testimony of officer Whitsett regarding his conversation with an employee of the credit agency through which . . . [Teague] had financed his car wherein Whitsett was told that . . . [Teague] made a car payment of $350 on the Monday following the Saturday night robbery. Later testimony of several witnesses, including . . . [Teague] corroborated this. The trial court admitted Whitsett's testimony for the limited purpose of explaining the officer's conduct in the continuing investigation of the robbery. Limiting instructions were given and we find no error. See OCGA § 24-3-2 (Code Ann. § 38-302); *Gaskins v. State,* 250 Ga. 386 (4) (297 SE2d 729) (1982)."

Thus appears, once more, the problem addressed in *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982).

1. Writing for the court in *Momon,* now Chief Justice Hill concluded that OCGA § 24-3-2 (Code Ann. § 38-302), as originally codified in the Code of 1863, found its genesis in Greenleaf, *Evidence,* p. 127 (5th Ed. 1850), quoted in part as follows: " '[I]t does not follow, because the writing or words in question are those of a third person, not under oath, that therefore they are to be considered as hearsay. On the contrary, it happens in many cases, that the very fact in controversy is, whether such things were written, or spoken, and not whether they were true. . . .' Id. at p. 127. Greenleaf then wrote: 'Thus, where the question is, whether the party acted prudently, wisely, or in good faith, the *information,* on which he acted, whether true or false, is original and material evidence. . . . So, also, *letters and conversation* addressed to a person, whose sanity is the fact in question, being connected in evidence with some act done by him, are original evidence to show whether he was insane, or not. The *replies* given to

inquiries made at the residence of an absent witness, or at the dwelling-house of a bankrupt, denying that he was at home, are also original evidence. . . . This doctrine applies to all other communications, wherever the fact that such communication was made, and not its truth or falsity, is the point in controversy.' (Emphasis in original.) Id. 127 to 129." 249 Ga. at pp. 866-67.

The court resolved: "To prevent an overly broad interpretation of Code Ann. § 38-302, we adopt the following: When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. Green, Ga. Law of Evidence, § 300 (1957); *Brewer v. Henson,* 96 Ga. App. 501, 502 (100 SE2d 661) (1957). But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc. on which he or she acted shall not be admissible under [OCGA § 24-3-2] Code Ann. § 38-302. In the case before us, the conduct and motives of the police officers were not relevant to the issues on trial." 249 Ga. at p. 867.

The necessity for this interpretation will be seen, we believe, from the fact that almost all conduct of almost all people can be "explained" almost always by something which they may have heard or read. Following the literal language of the Code section to its logical conclusion would, therefore, authorize the conviction of a citizen solely upon the testimony of an investigating officer, who, "to explain conduct" in initiating and continuing his investigation, might recount to the jury everything which he had heard or read about the case. That is trial by dossier, for every element of an investigation can serve, in some manner, to "explain conduct" of the investigator.

The factual circumstances of *Momon* illustrate this proposition. "In the case before us, the testimony of the two detectives was offered to prove that Ann Rembert, deceased, was raped and that this defendant committed the rape. Their testimony was hearsay and was not admissible under Code Ann. § 38-302 to explain the detectives' conduct or motives. The admission of the detectives' testimony concerning the rape of Ann Rembert allegedly by the defendant was error." 249 Ga. at p. 867.

The rule in *Momon* was announced with the approval of five justices. (*Vide* Justice Smith's dissent, on another ground, at page 868.) We have reiterated that rule in six instances, as follows: *Ivester v. State,* 252 Ga. 333 (313 SE2d 674) (1984); *Anderson v. State,* 252 Ga. 103 (312 SE2d 113) (1984); *Mincey v. State,* 251 Ga. 255 (304

SE2d 882) (1983); *Williams v. State,* 250 Ga. 463 (298 SE2d 492) (1983); *Gaskins v. State,* 250 Ga. 386 (297 SE2d 729) (1982); *Dover v. State,* 250 Ga. 209 (296 SE2d 710) (1982). In every case, a majority of our court has reaffirmed the rule, designating the admission of any offending testimony as error, albeit not ground for reversal. *Gaskins v. State,* 250 Ga. 386, supra — upon which the Court of Appeals relied in this case — deserves additional comment in view of the somewhat unusual nature of the judgment itself, which was one of affirmance. Nonetheless, as to the *Momon* issue, four justices joined in a special concurrence which found the admission by the trial court of statements made to an investigating officer to be *error,* albeit harmless, as follows: "In this case, we are presented with precisely the same factual circumstance [as in *Momon*]. The conduct and motives of detective Freeman in obtaining a warrant are not 'matters concerning which the truth must be found.' They are not 'relevant to the issues on trial.' Thus, statements made to detective Freeman by others upon which he acted in obtaining a warrant are hearsay, inadmissible under [OCGA § 24-3-2] Code Ann. § 38-302." 250 Ga. at 391. Hence, any indication to the contrary in *Gaskins* is disapproved.

The Court of Appeals has dealt with the *Momon* rule in twelve cases, exclusive of the case before us. In *Goodman v. State,* 167 Ga. App. 378 (306 SE2d 417) (1983), the court, speaking through Presiding Justice Quillian, reversed conviction on three counts because of the impermissible receipt into evidence of statements made to an investigating officer, offered "to explain conduct." But see *Evans v. State,* 167 Ga. App. 396 (306 SE2d 691) (1983), which is disapproved.

It will be seen that only in rare instances will the "conduct" of an investigating officer need to be "explained," as in practically every case, the motive, intent, or state of mind of such an officer will not be "matters concerning which the truth must be found." At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something.

If the hearsay rule is to remain a part of our law, then OCGA § 24-3-2 (Code Ann. § 38-302) must be contained within its proper limit. Otherwise, the repetition of the rote words "to explain conduct" can become imprimatur for the admission of rumor, gossip, and speculation.

Accordingly, in the case now before us, admission of the testimony of the investigating officer relating his conversation with a third party "for the limited purpose of explaining the officer's

conduct in the continuing investigation of the robbery" (169 Ga. App., at p. 289) was error, and so much of the opinion of the Court of Appeals as suggests to the contrary is disapproved.

2. The question remains as to whether the admission of the officer's testimony, though error, was harmful under the standards of *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

Evidence offered by other witnesses, including Teague, established that at approximately the same time he had in his possession equivalent sums of money. For that reason, the testimony of detective Whitsett is merely cumulative, and we find it more than highly probable that its admission did not contribute to the verdict. 238 Ga., at p. 61.

3. We have gone to some length to restate and reaffirm the rule of *Momon.* While the failure to apply that rule does not here result in reversal, violation in another case may be fatal to conviction, as in *Goodman v. State,* supra. Prosecutors and trial judges would be well advised to walk wide of error in the proffer and admission of evidence under the provisions of OCGA § 24-3-2 (Code Ann. § 38-302).

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who dissents as to Division 1.*

DECIDED MAY 1, 1984 — REHEARING DENIED MAY 15, 1984.

*B. Ray Holland, Jr.,* for appellant.
*Thomas H. Pittman, District Attorney,* for appellee.