### 69102. HART v. THE STATE.
(329 SE2d 178)

BENHAM, Judge.

A jury convicted appellant of two counts of selling cocaine to an undercover police officer, in violation of the Georgia Controlled Substances Act. We find that he raises meritorious enumerations of error, and we reverse the judgment of conviction.

1. Early in the presentation of the state's case, one of the investigating officers testified that he received information from a confidential informant that appellant "was selling cocaine out of the apartment that he lived in." Appellant's counsel objected to the admission of the testimony as being hearsay and as improperly placing appellant's character in issue. The prosecuting attorney's position was that the testimony was not hearsay since it was not being offered for its truth, but to explain why the officer enlisted the aid of a fellow officer to conduct the investigation and to show motive and intent on the part of the defendant. The record indicates that the officer who initially received the information lived and worked in the same apartment complex as did appellant, and that they knew each other. The trial court ruled in favor of the prosecution and admitted the statement without a limiting instruction to the jury as to the purpose for which it was being admitted. Appellant here asserts the same two grounds for reversal, and we agree.

Evidence of a defendant's bad character is inadmissible until the defendant puts his character in issue. OCGA § 24-9-20 (b). In the case at bar, evidence of bad character was elicited by the state during its direct examination of its first witness. Thus, the defendant had little, if any, time to place his character in issue, and our review of the trial transcript reveals that, in fact, he did not place his character in issue prior to the presentation of the offending testimony. Therefore, the bad character evidence in question was not admissible under OCGA § 24-9-20 (b).

It is clear that introducing the hearsay statement placed defendant's character in issue; the question is whether or not it was admissible for some reason. If so, it "does not become inadmissible because it incidentally put the appellant's character in issue." *McKenzie v. State,* 248 Ga. 294 (5) (282 SE2d 95) (1981). Citing *Howard v. State,* 144 Ga. App. 208 (5) (240 SE2d 908) (1977), the prosecuting attorney argued that the statement was admissible because it showed defendant's motive and intent. We disagree.

"Hearsay evidence is not admissible to prove the truth of the fact

asserted, unless the evidence constitutes a recognized exception to the general rule excluding hearsay." *Moore v. State*, 154 Ga. App. 535, 538 (268 SE2d 706) (1980). There is no exception which permits the use of hearsay testimony to establish evidence of similar crimes. See OCGA § 24-3-2 et seq. Thus, the hearsay testimony at issue was improperly admitted to show motive and intent.

This case is distinguishable from both *Howard* and *Perkins v. State*, 141 Ga. App. 893 (2) (234 SE2d 715) (1977). In *Perkins*, an FBI agent was allowed to testify that the defendant admitted to him his involvement in criminal activities; the testimony was admissible to show defendant's motive, intent and bent of mind. In *Howard*, a GBI agent was allowed to testify that defendant's co-conspirator told the agent they could conduct the pending drug transaction in defendant's parents' home because defendant and the co-conspirator had done so in the past. Since the statement, albeit hearsay, was made by a co-conspirator, it was admissible as a declaration against interest and imputable to the defendant. See OCGA § 24-3-5. In the case before us, the hearsay statement was not made by the defendant nor could it be imputed to him, so it could not be admitted to show his motive or intent.

The prosecuting attorney also argued that the testimony was being offered to explain the officer's conduct. However, that is not a proper ground for admission of the evidence, since the officer's conduct was not relevant to the issue on trial, i.e., whether or not the defendant sold cocaine on January 4 and 12, 1983. See *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982); *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984).

Having determined that the two grounds for admitting the statement offered by the prosecution witness are insufficient and being unable to determine any other valid reason for permitting such testimony, we conclude that the trial court committed reversible error by admitting testimony which impermissibly placed appellant's character in issue.

2. Before and during the trial, appellant sought to discover the identity of the confidential informant used by the investigating officers. The trial court declined to compel the prosecuting attorney to reveal the informant's identity and did not err in doing so. Our review of the transcript indicates that the informant did not take an active part in the drug purchase itself, but only accompanied the undercover officer to appellant's location and introduced them to each other. Under these circumstances the trial court was not required as a matter of law to order the disclosure of the informant's identity. *Little v. State*, 165 Ga. App. 389 (4) (300 SE2d 540) (1983).

3. During the trial, the officer who made the drug purchases testified that appellant told him "he wasn't working at the time and . . .

he said he was dealing in dope, but he didn't like to do it." Appellant's counsel moved for a mistrial, claiming the prosecution failed to produce the statement in response to his motion pursuant to OCGA § 17-7-210. The trial court denied the motion, which appellant contends was error. We disagree. A reading of the witness' complete testimony indicates that the conversation did not take place while appellant was in police custody; rather it occurred during the second undercover purchase, before he was arrested. Since OCGA § 17-7-210 applies only to statements made while a defendant is in police custody, the trial court's ruling was correct.

*Judgment reversed. Banke, C. J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I reluctantly agree with the conclusion reached in Division 1 of the opinion that the trial court committed reversible error in connection with the admission of the statement of the officer explaining why he brought a second investigator into the case. However, in my opinion, the reversible error was not the admission of the testimony itself but the failure of the trial court to give limiting instructions to the jury that the testimony was admitted not for the truth of the matter therein but solely to explain the officer's conduct of the investigation.

"The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness, that acting on such information, he discovered other facts connecting the accused with the crime in question. [Cit.] Hearsay testimony may be admitted for the purpose of explaining conduct. [Cit.] When offered and admitted for the purpose of explaining conduct and to ascertain motives, evidence which is otherwise hearsay becomes original evidence for that purpose. [Cits.]" *Burrell v. State*, 140 Ga. App. 900, 902 (232 SE2d 172) (1977). I believe that the officer's statement about what the informant told him would fit within this exception. Furthermore, I believe that this would be relevant to the officer's credibility, and thus to the issue at trial. Therefore, I believe the statement would be admissible under the rule set out in *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984). I do not believe it was the intent of the Supreme Court in *Teague* to simply read OCGA § 24-3-2 out of the law and to virtually ban the admission of testimony to explain conduct; rather, the aim was to circumscribe a trend toward indiscriminate use of this Code section to cover any statement made to a police officer. Therefore, in order to maintain a balance between the spirit of the rule in *Teague* and the exception to the hearsay rule embodied in the statute, it is imperative that the trial court give limiting instructions to the jury that the testimony is

to be received not for the truth of the matter stated, but solely to explain conduct, and that such instructions be given to the jury at the time the testimony is offered even if no request for such limiting instructions is made. The trial court in the instant case gave no such limiting instructions at the time the testimony was offered. Because of the lack of limiting instructions, I cannot say with any certainty what effect such testimony would have had upon the jury's verdict; therefore, I most reluctantly concur that the judgment must be reversed.

DECIDED FEBRUARY 28, 1985 —
REHEARING DENIED MARCH 25, 1985 — 

*Fred A. Gilbert*, for appellant.
*Bryant Huff*, District Attorney, *Phil Wiley*, Assistant District Attorney, for appellee.