## 70767. RHINE v. THE STATE.
### (335 SE2d 422)

DEEN, Presiding Judge.

Willie Rhine brings this appeal from his conviction of armed robbery. The evidence showed that two masked black men entered a service station around 8:00 p.m. on March 24, 1984. The armed man with a handgun was of average height and wore a white cloth over his nose and head. The other man was unarmed, and it might be said wore a Piltdown man type gorilla mask or sometimes referred to as a "monkey mask," and was described as being between 6′ 4″ to 6′ 8″ tall. After the robbery, the two men fled and the victims did not see the getaway car. Police officers stopped the vehicle in which appellant was a passenger after a police detective told them to be on the look-

out for a black and tan Buick Regal automobile driven by appellant. The driver and appellant were arrested and a pistol, a "monkey mask," cash and some checks were found inside the vehicle. Appellant is 6′ 7½″ tall. The victims' wallets were later recovered from a nearby dumpster. Steve Askew testified at trial that appellant and Johnny Polk robbed the service station while he waited in the car, unaware that a robbery was taking place. He drove the men to a Cannon Road address. Polk left on foot, and shortly thereafter he and Rhine drove away and were apprehended by the police. This appeal follows the denial of appellant's motion for a new trial.

1. Rhine first contends that the trial court erred in allowing hearsay into evidence. During the trial, Detective Miller testified that a confidential informant told him that appellant and Johnny Polk "would be one of the persons who would commit an armed robbery, should one occur," that appellant "was in possession of a gorilla mask," and that the men would be riding in a black and tan Buick Regal automobile. The informant took the detective to two locations; the appellant's residence and his grandfather's residence near Cannon Road to show him where the men would likely go after the robbery. The detective then informed Capt. Batchelor that if a robbery should occur in the next few days in which one of the perpetrators was wearing a gorilla mask, he was to dispatch units to these two locations, and identified the suspects.

OCGA § 24-3-2 provides: "When, in a legal investigation, information, conversations . . . and similar evidence are facts to explain conduct . . . they shall be admitted in evidence not as hearsay but as original evidence." "[W]here the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc. on which he or she acted shall not be admissible under [OCGA § 24-3-2]." *Teague v. State*, 252 Ga. 534, 535 (314 SE2d 910) (1984). In that case, the court noted that "only in rare instances will the 'conduct' of an investigating officer need to be 'explained. . . .' " Id. at 536, and cited *Ivester v. State*, 252 Ga. 333 (313 SE2d 674) (1984), as such an instance. In that case, the court indicated that such testimony would be admissible to explain the circumstances of an arrest. The state here contends that the detective's actions leading up to the arrest of Rhine and his companion were relevant to the issue at trial because it was necessary to explain why police units were mobilized to converge on a particular car at a particular address shortly after the robbery. We agree a jury would certainly be confused as to why the arrest occurred. The testimony also went to identify the appellant as a participant in the crime. Even if this testimony were improperly admitted, it was merely cumulative of Steve Askew's testimony that he overheard appellant and Johnny Polk talking about robbing someone. It is highly improbable

that the alleged hearsay contributed to the judgment. *Noles v. State*, 172 Ga. App. 228 (322 SE2d 910) (1984). *Teague v. State*, supra at 537.

2. In his second enumeration of error appellant contends that the court erred in denying his motion to suppress evidence obtained at the time of his arrest.

Officer Capps testified that after hearing of the armed robbery he was ordered to go to the area of Third Street and Cannon Road to be on the lookout for two black males driving a black and tan Buick Regal. The officer spotted the vehicle when he arrived at the Cannon Road location, and he and Capt. Batchelor took up positions to observe the car and the house. When the car drove away in the direction of Lynwood Avenue, Capt. Batchelor instructed him to take part in a "felony stop" of the car. Capt. Batchelor testified that a few days earlier he had been informed by Detective Miller that a robbery would probably occur in the next few days and that it would involve Rhine and Polk. Miller took him to appellant's residence and his grandfather's house, described the vehicle to be used, that it would probably return to one of these locations, and that if an armed robbery occurred in which a monkey mask was used, Batchelor should dispatch units to these locations. After the robbery, Batchelor obtained a description of the robbers and learned that a monkey mask had been used in the robbery. He dispatched a police car to each of the pre-arranged locations and saw the car which had been described to him. He contacted Detective Miller who went to obtain a search warrant for the residence. When the car drove off he recognized Willie Rhine, and ordered the stop when the backup units arrived.

Although it is not clear from the record whether the arrest occurred at the time the officers stopped the car or a short time thereafter, the facts indicate, however, that a "Terry type" stop was justified. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968); *Vaughn v. State*, 247 Ga. 136 (274 SE2d 479) (1981). An arrest was also justified as it may be made upon hearsay evidence. *Waits v. State*, 172 Ga. App. 524 (323 SE2d 624) (1984). Probable cause may rest upon the collective knowledge of the police when there is some degree of communication between them, rather than solely on the information possessed by the officer who makes the arrest. *Perryman v. State*, 149 Ga. App. 54 (253 SE2d 444) (1979). Moreover, Rhine's actions immediately after the stop invited the assumption that he had been involved in some sort of criminal activity. He was seen bending down as if stuffing something under the seat and refused to exit the car until he had been ordered to do so six times. See *Evans v. State*, 162 Ga. App. 78 (290 SE2d 176) (1982). The trial court did not err in denying the motion to suppress the objects seized from the car.

3. Construing the evidence in the light most favorable to the jury

verdict, we find that a rational trier of fact could find the appellant guilty beyond a reasonable doubt. *Whitaker v. State*, 246 Ga. 163, 168 (269 SE2d 436) (1980).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Harry J. Fox, Jr.*, for appellant.

*G. Theron Finlayson, District Attorney, Anne Landrum, Edward D. Lukemire, Assistant District Attorneys*, for appellee.