A92A1212. DAWSON v. THE STATE.
(422 SE2d 280)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of cocaine with intent to distribute. He appeals from the judgment of

---

conviction and sentence entered by the trial court on the jury's verdict.

1. The general grounds are without merit. The evidence was sufficient to authorize any rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over objection, an officer was allowed to testify as to the circumstances which eventually culminated in his arrest of appellant. According to the officer, he received information from an unidentified informant that "there was a subject" at a specified location who was wearing "a yellow and black jacket" and "was selling drugs. . . ." Based upon that information, the officer went to the location and observed appellant, who was wearing a yellow and black jacket. When the officer saw appellant abandon a plastic bag, the officer retrieved the bag and discovered that it contained 82 individual packages of cocaine. As the result of that discovery, the officer arrested appellant. At the time of his arrest, appellant had $85 on his person.

Appellant urges that the officer's testimony regarding the information that had been supplied to him by the unidentified informant was inadmissible under *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982). The State contends that the testimony was admissible to explain the officer's conduct immediately prior to the arrest. "The facts and circumstances surrounding the arrest of a defendant have been held to be relevant and admissible during the trial of a criminal case. [Cit.] [If] the statement explained the circumstances of the ·arrest it would meet the original evidence requirements of OCGA § 24-3-2 ([cit.])." *Ivester v. State*, 252 Ga. 333, 335 (2) (313 SE2d 674) (1984). See also *Anderson v. State*, 247 Ga. 397 (1) (276 SE2d 603) (1981); *Matthews v. State*, 194 Ga. App. 386, 387 (2a) (390 SE2d 873) (1990); *Warren v. State*, 179 Ga. App. 890 (1) (348 SE2d 88) (1986); *Rhine v. State*, 176 Ga. App. 171, 172 (1) (335 SE2d 422) (1985). Compare *Assad v. State*, 195 Ga. App. 692, 693 (2) (394 SE2d 617) (1990); *Osborne v. State*, 193 Ga. App. 276, 277 (3) (387 SE2d 383) (1989); and *Hart v. State*, 174 Ga. App. 134 (1) (329 SE2d 178) (1985) (wherein the testimony did not relate to the officer's immediate pre-arrest conduct). But see *Black v. State*, 190 Ga. App. 137 (1) (378 SE2d 342) (1989).

However, we need not decide whether, in the instant case, the officer's testimony was inadmissible under *Momon* or admissible under *Ivester*. Even assuming that the testimony should have been excluded, its admission was nevertheless clearly harmless. "[I]n light of the [officer's] testimony that [he] saw appellant in sole possession of the plastic bag containing cocaine, it is 'more than highly probable that its admission did not contribute to the verdict. (Cit.)' [Cit.]" *Black v. State*, supra at 137-138 (1).

Citing *Anderson v. State*, 252 Ga. 103 (312 SE2d 113) (1984), appellant urges that, even if the testimony was admissible to explain the officer's conduct in arresting him for possession of cocaine, it was inadmissible insofar as it placed his character for selling cocaine into evidence. "The general character of the parties and especially their conduct *in other transactions* are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." (Emphasis supplied.) OCGA § 24-2-2. Unlike *Anderson*, the officer's testimony arguably did not relate to any other irrelevant transaction, but to the immediate relevant circumstances surrounding appellant's arrest for the instant crime of possessing cocaine with intent to distribute. "Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant. [Cits.]" *Ivester v. State*, supra at 336 (2).

However, we likewise need not decide whether, in the instant case, the officer's testimony was inadmissible under *Anderson* or admissible under *Ivester*. Even assuming that the testimony should have been excluded, its admission was nevertheless clearly harmless. Considering the amount of cocaine that was found in the plastic bag and the manner in which it was packaged, the only reasonable inference was that *whoever* possessed that plastic bag had been engaged in the sale of cocaine. Accordingly, the officer's hearsay testimony regarding the information which had prompted him to begin his observation of appellant is no more indicative of appellant's intent to sell cocaine than the officer's direct testimony regarding his observation of appellant's possession of the plastic bag containing 82 individual packages of cocaine. Evidence that the officer merely had been told that an otherwise unidentified individual wearing a yellow and black jacket was selling drugs at a designated location could not have contributed to the jury's conclusion that it was appellant who possessed the plastic bag containing 82 individual packages of cocaine. See *Black v. State*, supra at 137-138 (1).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*J. Douglas Willix*, for appellant.
*Lewis R. Slaton, District Attorney, A. Thomas Jones, Penny A. Penn, Assistant District Attorneys,* for appellee.