## A94A1717. POSEY v. THE STATE.
(451 SE2d 463)

POPE, Chief Judge.

Defendant, Thomas Jason Posey, was convicted of impeding traffic and DUI. He appeals following the denial of his motion and amended motion for new trial.

1. Defendant first contends that the trial court erred by admitting inadmissible hearsay. However, our review of the record shows the complained of testimony was properly admitted, pursuant to OCGA § 24-3-2, to explain the officer's conduct in arresting the defendant. See, e.g., *Ivester v. State*, 252 Ga. 333, 334-335 (2) (313 SE2d 674) (1984); *McCloud v. State*, 210 Ga. App. 69, 70 (2) (435 SE2d 281) (1993); *Frazier v. State*, 195 Ga. App. 599, 600 (4) (394 SE2d 396) (1990); *Warren v. State*, 179 Ga. App. 890 (1) (348 SE2d 88) (1986); id. at 891. (Pope, J., concurring specially); *Hanson v. State*, 169 Ga. App. 765, 766 (3) (315 SE2d 278) (1984).

2. Defendant also argues that the trial court erred in denying his motion for directed verdict because, other than inadmissible hearsay, no evidence was presented which showed he was the driver of the vehicle. The defendant admitted at trial that he was very intoxicated on the night in question, but denied being the driver of the vehicle.

Construed so as to support the verdict, the evidence adduced at trial showed the following: Officer Anthony Annis, a DUI task force officer with the Clayton County Police Department, testified that at

approximately 2:00 a.m. on April 16, 1993, he observed a white 1985 Honda traveling southbound on Tara Boulevard. Officer Annis testified he could see that there was a female riding in the front passenger seat, that the back seat appeared empty and that he could not tell who was driving the car. Officer Annis testified about five minutes after first observing the car he received a request to meet another officer at the intersection of Tara Boulevard and Parkwood Way. When he arrived on the scene, the white Honda was stopped up against the cement divider at the red light at the intersection. Defendant was standing beside the driver's side of the car talking to another police officer. The back doors of the car were locked, but both front doors were unlocked. Defendant told the officer he and his girl friend were traveling south on Tara, that they got into a fight, that his girl friend burned him with the cigarette lighter and hit him and then turned off the car and jumped out with the keys and started walking south on Tara. Defendant also stated to the officer that he was driving the car. Annis instructed the other officer on the scene to go and search for defendant's girl friend and the officer returned to the scene with her a short time later. Defendant's girl friend, Tori Farmer, told the officer that they were traveling southbound on Tara Boulevard, that the defendant was driving, that she and defendant got into a fight and that when defendant stopped at a red light she turned off the vehicle, took the keys, and started walking south on Tara. She also told him that she and the defendant were the only two people in the vehicle. Officer Annis said that defendant stated to him again that he had been driving the vehicle and when the officer questioned the defendant about being too drunk to drive, the defendant stated "John" was driving, but he took off running.

Farmer testified at trial that she did not remember anything after she left the bar where she and the defendant had been drinking, and that she was very intoxicated on the night in question. Defendant also testified, and denied driving the car. Defendant testified that his friend Matthew Jackson was driving and that when he told the officer "John" was driving he merely stated the wrong name. Defendant also testified that he asked Farmer to tell the officer that "John" was driving but that she did not respond to his request. Matthew Jackson also testified at trial, and stated that he was driving the car on the night in question.

A conviction for driving or being in actual physical control of a moving vehicle while under the influence of intoxicants may be based on circumstantial evidence. *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65) (1994). "The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. [Cits.]" *Melendy v. State*, 202 Ga. App. 638 (1) (415 SE2d 62) (1992).

We have no yardstick to measure consistency or reasonableness, save the opinion of the jurors, whose function it is to determine credibility of witnesses and questions of reasonableness. *Gazaway v. State*, 207 Ga. App. 641, 642 (1) (428 SE2d 659) (1993). Here the jury chose to reject the alternate hypothesis offered by the defendant. "On appeal from a finding of guilt, the presumption of innocence no longer prevails and evidence must be viewed in the light most favorable to the verdict, for it reflects the jury's determination on the credibility and weight of evidence which determination we must accept; we consider only the sufficiency of the evidence to support a conviction. [Cit.] We have reviewed the evidence in favor of the jury's verdict and find it sufficient to enable a rational trier of fact to find [defendant] committed the offenses charged, . . . beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." Id. 642-643. See also *Marsh v. State*, 211 Ga. App. 751, 752 (440 SE2d 478) (1994); *Dean v. State*, 203 Ga. App. 836 (418 SE2d 117) (1992); *Melendy*, 202 Ga. App. at 638.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 18, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994 —

*W. Donald Patten, Jr.,* for appellant.
*Keith C. Martin, Solicitor, Elizabeth B. Cofer, Assistant Solicitor,* for appellee.