A96A1914. McGHEE v. THE STATE.
(476 SE2d 853)

BLACKBURN, Judge.

J. C. McGhee appeals his conviction for possession of cocaine and for operating a vehicle under the influence of cocaine to the extent it was less safe for him to drive, asserting that the evidence was insufficient to support his conviction.

Viewing the evidence in the light most favorable to the verdict, an officer of the Calhoun Police Department stopped McGhee's vehicle after it was observed weaving and making a wide turn. McGhee, the vehicle's sole occupant, had trouble speaking and responding to the officer's questions. His balance appeared to be impaired, and McGhee was unable to perform one of the field sobriety tests administered by the officer. A consensual search of McGhee's vehicle revealed a pipe hidden under the driver's seat floor mat. It was warm to the touch, and expert chemical analysis revealed that it contained cocaine residue. The arresting officer requested that McGhee submit to a drug test of his urine. Despite being informed pursuant to OCGA § 40-5-55 that failure to cooperate in the administration of such a test could be used as evidence against him, McGhee would not permit the test to be performed. At trial, McGhee claimed that he had purchased the vehicle the day prior to his arrest and that the pipe must have been present in the vehicle at the time he bought it. He also claimed that his demeanor and his failure to adequately perform a certain sobriety test at the time of his arrest were caused by a medical condition and not by the influence of cocaine.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Powell v. State,* 218 Ga. App. 556, 557 (462 SE2d 447) (1995).

With regard to the charge of possession of cocaine, we find the evidence sufficient to support McGhee's conviction. See *Knox v. State,* 216 Ga. App. 90, 92 (453 SE2d 120) (1995) (pipe encrusted with cocaine residue found in automobile where defendant was sole occupant was sufficient to support charge for possession).

With regard to the charge that McGhee was driving under the influence of cocaine to the extent he was a less safe driver, the record reveals that McGhee's driving was erratic just prior to his arrest; a pipe containing cocaine residue with indications of recent use was found in his possession; he demonstrated the physical manifestations of a party under the influence of cocaine; and he refused to submit to a drug test. See *Brooks v. State,* 187 Ga. App. 194, 195 (369 SE2d 801) (1988) (refusal to submit to a drug test "may be considered as positive evidence creating an inference that the test would show the presence of the prohibited substance"). "A conviction for driving . . . under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. We have no yardstick to measure consistency or reasonableness, save the opinion of the jurors, whose function it is to determine credibility of witnesses and questions of reasonableness." (Citations and punctuation omitted.) *Posey v. State,* 215 Ga. App. 565, 566 (451 SE2d 463) (1994). The evidence is sufficient to support the jury's verdict on McGhee's DUI charge. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 9, 1996.

*William R. Thompson, Jr.,* for appellant.

*T. Joseph Campbell, District Attorney, Donald S. Smith, Assistant District Attorney,* for appellee.