## A98A2474. BARBER v. THE STATE.
(509 SE2d 93)

BLACKBURN, Judge.

Jimmy Barber appeals his conviction for driving under the influence of alcohol, following a bench trial, contending that the evidence was insufficient to support the verdict against him. For the reasons set forth below, we affirm.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Barber] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence shows that Officer David Melton reported to the scene of a one-car accident on October 19, 1997. When Officer Melton arrived on the scene, he found Barber lying beside the road, about 20 feet from the vehicle which had been driven into a ravine. Officer Melton asked Barber if there was anyone else in the vehicle, and Barber replied that he was by himself. As Officer Melton questioned Barber, he observed that Barber reeked of alcohol, had slurred speech, and could not walk without assistance. Officer Melton then arrested Barber for driving under the influence and transported him to jail, where Barber refused a breathalyzer test. The keys to the car which had been wrecked were later found in Barber's pocket.

Barber contends that his conviction for DUI was improper because the circumstantial evidence against him was insufficient to show that he had actually been driving the car, which he testified was driven by some individual he had met at a bar whom he could not identify. "A conviction for driving under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only *reasonable* hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. We have no yardstick to measure consistency or reasonableness, save the opinion of the [trier of fact], whose function it is to determine credibility of witnesses and questions of reasonableness." (Punctuation omitted; emphasis supplied.) *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996). Under this stan-

dard, the evidence was sufficient to support the verdict against Barber. See *Stephens v. State*, 127 Ga. App. 416 (193 SE2d 870) (1972).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1998.

*Andrews & Seery, Stanaland A. Seery,* for appellant.
*McGraw & McGraw, Joseph T. McGraw,* for appellee.