## A98A2334. STROZIER v. THE STATE.
(511 SE2d 295)

BLACKBURN, Judge.

Patrick Strozier appeals his convictions of involuntary manslaughter and battery, following a jury trial. Strozier was charged with murder, felony murder, aggravated battery, and aggravated assault. On appeal, Strozier contends that the evidence was insufficient to support his conviction and that the trial court erred in allowing hearsay testimony into evidence.

Viewing the evidence in the light most favorable to the verdict, it reveals that one Otis Davis was found face down at 89 Hilliard Street, which is within the Wheat Street Garden Apartment complex. Other evidence indicated that Davis was admitted to the hospital on the night of the incident for surgery on an acute subdural hematoma, a blood clot between the skull and the brain. Davis never regained consciousness and later died from his injuries.

The trial court allowed the investigating officer to testify, over objection, that during the course of canvassing the neighborhood, he came up with the partial name of a suspect, which was "Patrick." The

officer contacted Strozier and told him that his name was given as the suspect in the beating of the victim.

Strozier gave the police a statement which was admitted at trial without objection. Strozier admitted finding someone doing drugs in his car which was parked on the street, and having an altercation with such person after he ordered him out of his car. The identity of that person was never established, and Strozier stated that he did not know the identity of that person. In Strozier's statement he maintained that the person appeared to have been in a previous fight, stating that his face was swollen and bruised. The officer never asked Strozier directly if Davis was the person with whom he had had an altercation. He did ask Strozier, however, if he knew Davis, and Strozier replied that he did. Given Strozier's statement that he knew Davis, but did not know the identity of the person with whom he had the altercation, it is clear that Strozier's position was that Davis was not such person. Strozier never acknowledged that Davis was the person with whom he had the altercation, or that the deceased and the person with whom he had the altercation were the same person. The State presented no other evidence that Davis was the person involved in the altercation with Strozier.

Strozier's girl friend, Twarna Johnson, testified that she drove him to his mother's house on Wheat Street, where his car was parked. Johnson testified that she saw a man rise up from the back seat of Strozier's car. The man exited the vehicle upon Strozier's demand that he do so. An altercation ensued, in which Strozier struck and kicked the person. Johnson testified that she never saw the person's face and that she did not know the identity of the person. Strozier and Johnson left in her car as the person walked down the street.

1. Strozier correctly contends that the trial court erred in allowing the officer to testify as to hearsay he obtained during his canvas of the neighborhood. While the trial court allowed the hearsay testimony, that "Patrick" was linked to the incident, there was no necessity for such testimony, as the police are expected to investigate crimes, and no explanation of such fact is needed. What the police are told by those they interview does not become fact by the telling. The officer's testimony that he heard from an unknown source that "Patrick" was linked to the attack against Davis merely allowed Strozier to be tried based on "rumor, gossip, and speculation." It also assumes that Strozier is the only "Patrick" who might have committed the crime, and that a crime was indeed committed. See *Teague v. State*, 252 Ga. 534, 535 (1) (314 SE2d 910) (1984); *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982).

2. Strozier also challenges the sufficiency of the evidence to support his conviction. Strozier contends that there was no evidence

introduced which connected him to the death of Davis. We must agree. The officer's hearsay testimony was the only evidence purporting to link Strozier to Davis. There is no conclusive proof that Davis' death was the result of a criminal act, rather than an accidental fall or traffic accident, etc. It does not necessarily follow that one who is injured was the victim of a crime. Convictions in criminal cases must be based on facts and evidence, not assumptions and inferences.

Having reviewed the evidence under the *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) standard, there was no evidence presented upon which a rational trier of fact could have found Strozier guilty beyond a reasonable doubt of battery and involuntary manslaughter against Davis.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 4, 1999.

*Lawrence M. Korn*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.