A99A2191. STOREY v. THE STATE.
(524 SE2d 304)

BLACKBURN, Presiding Judge.

Kendall Storey appeals, following a jury trial, on the grounds that the evidence was insufficient to support his convictions of battery and criminal trespass. Because we find ample evidence to support the convictions, we affirm.

---

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Storey] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewing the evidence, the record shows that, although Johnny's Garage closed at 6:00 p.m., Storey and two other men went into the shop's parking lot at midnight on May 2, 1998. Storey climbed into the front seat of a classic 1968 Cougar automobile which was owned by the proprietor, Johnny Mills, who lived next door.

Mills was alerted to Storey's presence when his guard dog began barking. Mills went on his front porch and yelled at Storey to get out of his car and leave. When Storey did not leave, Mills walked over to his car, yelling for Storey to get out of the car. Storey then got out of the car, knocked Mills to the ground, choked him and held him down with his foot. Storey and the two other men left when Mills' mechanic and a relative approached the car. The altercation left Mills bruised and bleeding from a cut on his head. Storey's shoe left a print on Mills' face which was still visible the next day.

"A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). "A person commits the offense of criminal trespass when he or she knowingly and without authority . . . [r]emains . . . within the vehicle . . . of another person after receiving notice from the owner . . . to depart." OCGA § 16-7-21 (b) (3). Here, the evidence is sufficient to authorize the jury's finding that Storey was guilty of the charges beyond a reasonable doubt. See *Jackson*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 1, 1999.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus*, District Attorney, *Forest L. Miles*, Assistant District Attorney, for appellee.