### A02A1072. BRITTON v. THE STATE.
(571 SE2d 451)

POPE, Senior Appellate Judge.

Following a jury trial, Daniel Britton, Jr. was convicted of the offenses of trafficking in cocaine, possession of a firearm by a convicted felon and possession of a firearm during the commission of a crime. He appeals.

The evidence at trial showed that on January 30, 1995, a detective with the Liberty County Sheriff's Department assigned to the Multi-Agency Crack Enforcement Drug Task Force received a telephone call from an anonymous caller. The caller stated that he knew Britton from some business dealings. He said that Britton would be driving a new blue pickup truck with gold rims in Liberty County and would be carrying cash and drugs under a false bottom in the truck's console. As a result, a lookout was posted for a vehicle matching the description. Police located the truck and stopped it. The officers told Britton that they had received information that he had a large sum of cash and drugs in his truck, and they asked for permission to search the truck. Britton told the officers that there was no cocaine in the truck and gave his consent to search. One of the agents pulled out the center console and found cocaine, $12,000 in U. S. currency, and a loaded gun in a space beneath the console. Officers testified at trial that police had previously searched vehicles belonging to Britton, but found no drugs.

In response to police questioning, Britton stated that he did not know anything about the gun or the drugs, but said that he had won the money car racing in Florida. Upon further questioning, however, he admitted that he had seen the gun when someone had shown it to him the previous Saturday and that he may have touched it. He continued to deny any knowledge of the cocaine found with the gun and the money.

The sole witness for the defense testified that Britton and his

business partner had had a dispute and terminated their business relationship. The witness stated that this former business partner had access to Britton's truck.

1. Britton contends that the trial court erred at his trial in admitting the hearsay evidence regarding the information provided by the anonymous caller. We agree and reverse.

The testimony regarding the anonymous informant was admitted under the exception to the hearsay rule to explain the police conduct in stopping Britton's car. But in *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984), our Supreme Court noted that only in "rare instances" would the conduct of a police officer need to be explained:

> At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something. If the hearsay rule is to remain a part of our law, then OCGA § 24-3-2 . . . must be contained within its proper limit. Otherwise, the repetition of the rote words "to explain conduct" can become imprimatur for the admission of rumor, gossip, and speculation.

Id. at 536 (1).

Hearsay evidence is inadmissible to explain police conduct even "where an appellate court suggests that the jury may find police behavior so inexplicable as to cast doubt on the prosecution, or where a confidential informant has provided information which initiates an investigation." (Citation omitted.) *Weems v. State*, 269 Ga. 577, 579 (2) (501 SE2d 806) (1998). Recently, in a case involving circumstances similar to those here, the Supreme Court found that it was error to admit evidence of hearsay information provided by an anonymous informant in order to explain why a police officer apprehended a defendant. *Brown v. State*, 274 Ga. 31, 37 (2) (549 SE2d 107) (2001).[1]

Accordingly, we find that it was error in this case to admit evidence of the anonymous caller's information in order to explain the officers' actions in stopping and apprehending Britton. We must determine, therefore, whether this error necessitates a reversal.

The police officer who spoke with the anonymous informant testified that in addition to the information that Britton had drugs and money in his truck, the caller indicated that he knew the police had

---

[1] The *Brown* court, however, stopped short of determining whether this constituted reversible error under the circumstances, because the case had already been reversed on other grounds. 274 Ga. at 37 (2).

been looking for Britton "for some time" and also stated that Britton was involved in narcotics trafficking. We cannot say that this evidence was harmless under the circumstances of this case, especially in light of Britton's defense that a disgruntled business partner had planted the drugs in his truck. The hearsay evidence, which implicated him in narcotics trafficking, only served to bolster the State's contention that the drugs were his. Other than the presence of the drugs in the truck, there was no other evidence linking Britton to the contraband. Compare *Carlisle v. State*, 242 Ga. App. 253, 256 (2) (529 SE2d 385) (2000) (possession of other drug and evidence of attempts to clean up and hide contraband); *Price v. State*, 240 Ga. App. 37, 39 (2) (522 SE2d 543) (1999) (officers observed bag of contraband being thrown from defendant's car window). The hearsay evidence also improperly placed Britton's character into evidence by implicating him in criminal activity and by revealing that the police had been interested in him for a period of time. See *Hart v. State*, 174 Ga. App. 134, 135 (1) (329 SE2d 178) (1985).

Therefore, we conclude that the trial court committed reversible error in admitting this evidence. See *Render v. State*, 267 Ga. 848, 850 (2) (483 SE2d 570) (1997); *Hart v. State*, 174 Ga. App. at 135 (1). Compare, e.g., *McKenzie v. State*, 271 Ga. 47, 49 (2) (518 SE2d 404) (1999); *Teague*, 252 Ga. at 537 (2) (admission of improper hearsay harmless where evidence was merely cumulative of other evidence).

2. Britton also asserts that the trial court erred in denying his motion to suppress the evidence seized by police when they stopped his truck. But that ruling was the subject of a prior appeal to this Court, in which we found that the evidence was admissible and affirmed the trial court's denial of the motion to suppress. *Britton v. State*, 220 Ga. App. 120 (469 SE2d 272) (1996). "Any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court." *Whatley v. State*, 218 Ga. App. 608, 611-612 (2) (462 SE2d 779) (1995). Accordingly, we cannot revisit the issue in this appeal.

*Judgment reversed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 18, 2002.

*James C. Metts III*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.