A05A1794. ZACHERY v. THE STATE.
(624 SE2d 265)

MILLER, Judge.

Following a jury trial, Corey Zachery was convicted of trafficking in cocaine and obstruction in connection with his sale of half a kilogram of the drug to undercover police officers. He was sentenced

---

to 25 years to serve and fined $1 million. On appeal, Zachery argues that the trial court erred in failing to instruct the jury to disregard testimony concerning a co-defendant's guilty plea, in admitting certain hearsay testimony, and in admitting a photograph of Zachery's child into evidence. We find no reversible error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that DeKalb County narcotics officers, acting on information gained from a confidential informant, arranged to buy nine ounces of cocaine from Eddie Lee Collins at a price of $11,500. The buy was to take place in a restaurant parking lot. As Collins waited in his white Acura for the officer to arrive, he told the officer via cell phone that he did not have the drugs with him, and that he would go pick them up and return. Collins then drove to a location a few miles away.

Collins returned to the area accompanied by a yellow Buick. Both cars pulled into a second restaurant parking lot within sight of the first. Collins got out of his car and walked toward the Buick carrying a bulging black bag across his chest. After a conversation with the Buick's driver, Collins approached the officer, who got out of his car. When the officer and Collins could not agree to complete the buy in the second parking lot, Collins walked over to the yellow Buick, had another conversation with its driver, and then left the scene. A "take-down" signal was given soon thereafter.

After an officer following the yellow Buick saw it run a stop sign, he activated his blue lights and siren. The Buick then swerved into a strip mall parking lot. Zachery then exited the Buick and fled, discarding a black bag and a jacket as he did so. He was apprehended at the scene. In his haste, Zachery left his three-year-old daughter, who was riding unrestrained, in the back of the Buick. The black bag contained 500 grams of cocaine.

Zachery was charged with cocaine trafficking, possession of cocaine with intent to distribute, and obstructing an officer. The first jury to hear evidence on these charges deadlocked. On retrial, the jury again deadlocked on the drug counts, but found Zachery guilty on the obstruction count. On second retrial, Zachery was found guilty on both remaining charges. After merging the possession count into the trafficking count, the trial court sentenced Zachery to 25 years to serve and imposed a $1 million fine. This appeal followed.

1. Zachery first contends that the trial court erred when it failed to instruct the jury sua sponte to disregard the information, divulged in the State's opening argument, that Zachery's co-defendant Collins had pled guilty and had been sentenced to ten years to serve. We disagree.

It is true that evidence of a co-defendant's guilty plea is not admissible into evidence, since it has no probative value as to the guilt

of the defendant himself. See, e.g., OCGA § 24-3-52 (confession of co-defendant made "after the enterprise is ended shall be admissible only against himself"); *Mindock v. State*, 187 Ga. App. 508 (2) (370 SE2d 670) (1988) (physical precedent only) (granting new trial where trial court admitted witness's testimony concerning guilty pleas of co-conspirators over counsel's objection).

The prosecutor's improper comments were made during opening argument in the third and final trial, however, and before the State began its presentation of evidence. Zachery neither objected nor moved for a mistrial, either at the time the comments were made or at the close of the State's case, when he learned that Collins would not appear as a witness. Moreover, Zachery used Collins's conviction to his own advantage in closing argument when counsel suggested that the State had made a deal with Collins in exchange for his guilty plea. Since Zachery never objected or moved for a mistrial concerning the prosecutor's improper statement, and since Zachery later chose to use the improperly divulged fact of Collins's conviction to his own advantage, he cannot now complain that the trial court erred in failing to instruct the jury sua sponte on this subject. *Morrison v. State*, 276 Ga. 829, 834 (4) (583 SE2d 873) (2003) (when defendant fails to ask for either mistrial or curative instruction, trial court does not err in failing to give instruction sua sponte); see also *Williams v. State*, 261 Ga. App. 793, 794 (2) (584 SE2d 64) (2003) (prosecutor's reference to co-defendant's statement during opening argument does not amount to "evidence" against defendant); *Allen v. State*, 224 Ga. App. 324, 325 (2) (480 SE2d 328) (1997) (failure to renew motion for mistrial on basis of improper mention of co-defendant's conviction waives issue on appeal).

2. Zachery next contends that hearsay testimony concerning the DeKalb County drug trade and Collins's role in it was improperly admitted, and that this violation of his right to confront the witnesses against him necessitates a reversal of his conviction. We disagree.

Early in the State's case, a detective testified that a confidential informant had told another officer working on the drug task force that the informant "was aware of people in DeKalb County [who] sold large amounts of cocaine and that [she] could get someone to come out and bring us cocaine for a certain dollar value." Defense counsel objected to "any hearsay testimony" concerning the confidential informant, from this detective or "from any witness." After limiting the objection to the testimony just given, the trial court ruled that the testimony was admissible for the purpose of explaining the officers' conduct, and not for the truth of the statement itself (i.e., that large amounts of cocaine were available for sale in DeKalb County). Defense counsel made no further hearsay objections.

As the State concedes, a trial court errs when it admits hearsay testimony under OCGA § 24-3-2 for the purpose of explaining police officers' conduct.

> Only in rare instances will the conduct of an investigating officer need to be explained, as in practically every case the motive, intent, or state of mind of such an officer will not be matters concerning which the truth must be found.

(Citations and punctuation omitted.) *Harris v. State*, 279 Ga. 522, 524-525 (3) (615 SE2d 532) (2005); see also *Britton v. State*, 257 Ga. App. 441, 442-443 (1) (571 SE2d 451) (2002) (granting new trial based on admission of officer's hearsay testimony concerning information given by anonymous caller); *Render v. State*, 267 Ga. 848, 849-850 (2) (483 SE2d 570) (1997) (granting new trial based on admission of officer's hearsay testimony concerning defendant's girlfriend's statement). Such an error may not warrant a new trial, however, when the hearsay testimony is merely cumulative and when it is highly probable that its admission did not contribute to the guilty verdict. *Harris*, supra, 279 Ga. at 525 (3); *Teague v. State*, 252 Ga. 534, 537 (2) (314 SE2d 910) (1984).

Here, the objected-to hearsay testimony concerned the existence of a local drug trade capable of delivering relatively large amounts of cocaine to a buyer on short notice. Such testimony did not concern Zachery, and was cumulative in light of testimony that with the help of the confidential informant, who spoke to Collins by phone first, Collins told the officer that he would sell him nine ounces of cocaine for $11,500, and that they would do the deal in about an hour. Since we find it highly probable that this testimony did not contribute to the guilty verdict, its admission was not reversible error. See *Harris*, supra, 279 Ga. at 525 (3) (affirming denial of motion for new trial when hearsay declarant subsequently testifies to same fact and officer's testimony is therefore merely cumulative); *Teague*, supra, 252 Ga. at 537 (2).

As to the remainder of the alleged hearsay testimony admitted during the course of the trial, Zachery concedes that he objected only to the above statement. Any other hearsay objections he may have had to other statements by this or other witnesses are waived on appeal. *Roseberry v. State*, 274 Ga. 301, 303-304 (3) (553 SE2d 589) (2001). Moreover, because the arresting officer's testimony that Zachery was seen discarding a black bag containing 500 grams of cocaine was sufficient to support the verdict, we do not address the impact of hearsay statements concerning Collins on the verdict against Zachery. Id.

3. Finally, Zachery contends that the trial court erred in admitting a photograph of his daughter in the back seat of his car taken shortly after his arrest. The photograph was admissible to show that Zachery was in such haste to abandon the car that he abandoned his daughter as well. It therefore represented some evidence of consciousness of guilt concerning the failed transaction. See *Shaheed v. State*, 245 Ga. App. 754, 754-755 (1) (538 SE2d 823) (2000) (flight is circumstantial evidence of guilt to be weighed by the jury).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 6, 2005.

*Herbert Shafer*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney, Clegg & Daniels, Jennifer M. Daniels*, for appellee.