A06A1556. MOORE v. THE STATE.
(635 SE2d 408)

RUFFIN, Chief Judge.

A jury found Dana Moore guilty of driving under the influence to the degree it was less safe for her to drive. On appeal, Moore argues that the trial court erred in denying her motion to suppress. She also contends that the trial court erred in admitting certain hearsay evidence and that, absent such hearsay, the evidence was insufficient to establish her guilt. Although we find no error in the trial court's denial of Moore's motion to suppress, we agree that the trial court erred in admitting a police officer's hearsay testimony. However, as such error was harmless, we affirm.

Viewed in a light favorable to the jury's verdict,[1] the evidence shows that on October 19, 2004, Police Officer Mark Hodge was dispatched to a Waffle House parking lot where he discovered Moore's car stuck on a curb. As Hodge approached, he saw several people attempting to push the car off of the curb and Moore walking away. Another woman told Hodge, "she's in my car." Hodge subsequently found Moore lying across the back seat of another person's car. According to Hodge, Moore smelled strongly of alcohol. When Hodge asked Moore about her car, she admitted that she was drunk and told Hodge that she had been attempting to put her car in reverse, but the car had gone forward, causing her to run over the curb. Hodge asked Moore to perform field sobriety tests, and Moore responded, "[h]ell no, I'm drunk." Based upon this and other evidence, Moore was found guilty of driving under the influence of alcohol to the degree it was less safe for her to drive.

1. Moore moved to suppress the inculpatory statements she made to Hodge, asserting that Hodge coerced her into giving the statements when he unlawfully detained her without either reasonable suspicion or probable cause. The trial court denied the motion, and Moore appeals this ruling.

"On appeal from a denial of a motion to suppress, we construe the evidence in favor of the trial court's ruling, and the trial court's application of law to undisputed facts is subject to de novo review."[2] At the hearing on Moore's motion to suppress, Hodge testified that he was dispatched to the Waffle House parking lot in response to a 911 call. A woman at the scene said that "someone [was] in her car," and Hodge walked over to the car to see if that person was "okay." At that point, Hodge detected the smell of alcohol, and he asked Moore if she had any form of identification. Moore responded that she did not and then said that she was drunk. Moore also told Hodge that her car had become stuck on the curb after she attempted to put it in reverse. Hodge asked Moore to follow him to his patrol car, and she eventually complied, although she was somewhat combative. According to Hodge, Moore was unsteady and needed support or she would have fallen. Ultimately, Hodge arrested Moore.

Although Moore's argument on appeal is not entirely clear, she apparently contends that her detention was illegal and thus any statement she may have made while detained should be suppressed. However, "[m]omentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of

---

[1] See *Foster v. State*, 258 Ga. App. 601 (1) (574 SE2d 843) (2002).

[2] (Punctuation omitted.) *Autry v. State*, 277 Ga. App. 305 (626 SE2d 528) (2006).

inquiry not based on mere inclination, caprice or harassment."[3] Here, Officer Hodge encountered Moore after responding to a 911 call. As we have noted, "[a] dispatcher who reports a crime at a specified location gives police an articulable suspicion to investigate and detain individuals at the scene, particularly where police observations on arriving at the scene corroborate the dispatcher's report."[4] Under the circumstances of this case, we find no error in the trial court's denial of Moore's motion to suppress.

To the extent that Moore argues that Hodge needed probable cause before speaking to her, we find this argument meritless.[5] Even if probable cause were required, however, we find that Hodge had probable cause to arrest Moore. This Court has found that

> [s]ufficient probable cause to conduct a DUI arrest only requires that an officer have knowledge or reasonably trustworthy information that a suspect was actually in physical control of a moving vehicle, while under the influence of alcohol to a degree which renders [her] incapable of driving safely. It is not necessary for the officer to actually see the suspect driving for there to be probable cause to make a DUI arrest.[6]

Given that Moore essentially admitted both that she was drunk and that she had driven her car onto the curb, Hodge clearly had probable cause to arrest Moore for driving under the influence.[7] Thus, this allegation of error lacks merit.

2. Moore also contends that the trial court erred in permitting Hodge to testify regarding the statements of the 911 caller. Over objection, Hodge testified that the 911 operator "informed [him] that . . . a . . . female . . . appeared to be drunk and she was trying to move her vehicle over the curb." We agree that the trial court erred in admitting this evidence.

Under OCGA § 24-3-2, a trial court may generally admit as original evidence information and conversations to explain conduct and ascertain motives.[8] Our Supreme Court, however, has limited the application of this principle to situations in which such testimony is

---

[3] *Lamb v. State*, 269 Ga. App. 335, 336 (604 SE2d 207) (2004).

[4] *State v. Gomez*, 266 Ga. App. 423, 425-426 (3) (597 SE2d 509) (2004).

[5] See id. at 426 (investigative stop justified where officer has reasonable, articulable suspicion).

[6] (Footnote omitted.) *Trotter v. State*, 256 Ga. App. 330, 331-332 (1) (568 SE2d 571) (2002).

[7] See id.; *Frederick v. State*, 270 Ga. App. 397, 398 (606 SE2d 615) (2004); *Waggoner v. State*, 228 Ga. App. 148, 150 (2) (491 SE2d 88) (1997).

[8] See *Weems v. State*, 269 Ga. 577, 578 (2) (501 SE2d 806) (1998).

relevant to the issues on trial.[9] With respect to police officers, the Supreme Court has reasoned that

> unless it is the rare instance in which the conduct of an investigating officer is a matter concerning which the truth must be found, it is error to permit an investigating officer to testify, under the guise of explaining [his] conduct, to what other persons related to the officer during the investigation.[10]

Under the circumstances of this case, we fail to see the necessity for Hodge to relate to jurors the exact words of the 911 caller: that a white woman who appeared to be drunk was trying to drive her vehicle over a curb. It was sufficient for Hodge to explain that he was responding to a 911 dispatch. Accordingly, we agree that the trial court erred in admitting this testimony.[11]

It does not necessarily follow, however, that Moore is entitled to reversal. As our Supreme Court has made clear, the improper admission of this type of evidence is subject to harmless error analysis.[12] And where such hearsay evidence is merely cumulative of properly admitted evidence, we have found no harm.[13] In this case, Moore admittedly told Hodge "that she was trying to put her car in reverse and the car suddenly moved forward, causing her to run over the curb." As the improperly admitted hearsay was cumulative of this testimony, we find it unlikely that the hearsay contributed to the verdict.[14]

3. Finally, Moore contends that the trial court erred in denying her motion for directed verdict as — absent the hearsay evidence — there was no testimony that she was in control of the car, which is required to sustain a DUI conviction. "A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or not guilty."[15] Here, Moore essentially admitted to Hodge that she was drunk and that she had attempted to move her car. As a result of Moore's attempt, the car was lodged on the curb. And when Hodge looked inside the car, he discovered an open beer container. Although this constitutes circumstantial evidence that Moore was driving the

---

[9] See id.; *Brown v. State*, 274 Ga. 31, 36-37 (2) (549 SE2d 107) (2001).

[10] (Punctuation omitted.) *Weems*, supra at 579.

[11] See id.; *Britton v. State*, 257 Ga. App. 441, 442-443 (1) (571 SE2d 451) (2002).

[12] See *Weems*, supra.

[13] See *Zachery v. State*, 276 Ga. App. 688, 691 (2) (624 SE2d 265) (2005).

[14] See id.

[15] (Punctuation omitted.) *Savage v. State*, 252 Ga. App. 251, 253 (1) (556 SE2d 176) (2001).

car while intoxicated, such evidence is sufficient.[16] Under these circumstances, the trial court did not err in denying Moore's motion for directed verdict.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 15, 2006.

*Troy P. Hendrick*, for appellant.

*Shawn E. LaGrua, Solicitor-General, Michael P. Jacobs, Assistant Solicitor-General*, for appellee.

---

[16] See *Deering v. State*, 244 Ga. App. 30, 31-32 (1) (535 SE2d 4) (2000).