## A07A1839. WILLIAMS v. THE STATE.
(655 SE2d 674)

Miller, Judge.

A jury convicted Roy Lee Williams of possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b). On appeal, Williams contends that the trial court erred in admitting, over objection, hearsay evidence of his statement offering to sell narcotics to a confidential informant prior to his commission of the offense at issue. Discerning no error, we affirm.

We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on a tip from a confidential informant, a Clayton County narcotics agent placed a telephone call to an unknown male for the purpose of ordering $50 of powder cocaine. Shortly thereafter, Williams met the agent at an agreed location, and approached the agent's vehicle, where, after a brief conversation, he provided the agent a white powdery substance later determined to be cocaine. Williams' arrest followed.

Williams challenges as inadmissible hearsay the admission, over objection, of the narcotics agent's testimony that Williams had offered to sell illegal drugs to his confidential informant and the trial court's failure to sua sponte give a curative instruction regarding the same. We disagree.

On redirect examination of the narcotics agent at trial, the following colloquy occurred:

Narcotics Agent: [M]y informant had contacted me and wanted to meet so he was waiting at the Exxon to meet me. He had drove to that location in his own vehicle. While he

was at that location he was approached by [Williams] and solicited to purchase illegal narcotics from [him].

The informant advised me at that time that —

Trial Counsel: Objection, hearsay, Judge.

The court: Any response?

Prosecutor: Withdraw the question.

The court: All right.

Given the foregoing, trial counsel interposed his hearsay objection only when the agent offered to testify as to what his confidential informant told him, not as to the agent's testimony regarding Williams' offer to sell his confidential informant drugs. Inasmuch as trial counsel thus failed to contemporaneously object to the testimony of which he complains, the right to contest such evidence on appeal is waived. *Castillo v. State*, 281 Ga. 579, 581 (2) (642 SE2d 8) (2007).

Further, Williams' claim to the contrary notwithstanding, trial counsel did not ask for a mistrial or a curative instruction. Consequently, the trial court's failure to sua sponte give such an instruction was not error on this account. *Zachery v. State*, 276 Ga. App. 688, 690 (624 SE2d 265) (2005) (when defendant fails to ask for either a mistrial or curative instruction, trial court does not err in failing to give instruction sua sponte).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 4, 2007.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Dawn Belisle-Skinner, Assistant District Attorney*, for appellee.