A09A0945. HERIEIA v. THE STATE.
(678 SE2d 548)

JOHNSON, Presiding Judge.

A jury found Armondo Herieia[1] guilty of armed robbery and aggravated assault. Herieia appeals, alleging the trial court erred in admitting evidence during the course of the trial. Herieia also claims

---

[1] While the appellant's brief spells the appellant's name "Herrera," both the trial court's order and the notice of appeal spell the appellant's name "Herieia."

he received ineffective assistance of trial counsel. Because we find no harmful error, we affirm Herieia's convictions.

1. Herieia contends the trial court erred in admitting into evidence a knife allegedly used by him against the victim because the knife was not timely produced to the defense prior to trial. We find no harmful error.

Pretermitting whether the state's compliance with OCGA § 17-16-4 (a) (3) (A) was sufficient in this case for the introduction of the knife, Herieia's claim still fails because the state complied with the newly-discovered evidence statute. This statute provides as follows:

> If prior to or during trial a party discovers additional evidence or material previously requested or ordered which is subject to discovery or inspection under this article, such party shall promptly notify the other party of the existence of the additional evidence or material and make this additional evidence or material available as provided in this article.[2]

It is only where a defendant shows that the state failed to comply with the discovery statute, that the state acted in bad faith, and that the defendant would be prejudiced thereby that the trial court may exclude evidence improperly withheld from the defense.[3] Here, Herieia has failed to establish the three requirements above.

The record shows that both the victim and an eyewitness identified Herieia and his co-defendant as the men who robbed and assaulted the victim with a gun. This evidence formed the basis for the state's armed robbery and aggravated assault charges. The Thursday before trial, however, the state discovered through an interview with the victim in the presence of a translator that Herieia held a knife during the armed robbery and aggravated assault. Herieia faults the state for not discovering the knife's relevance earlier. However, the state showed that due to interpretation difficulties, the state did not know about Herieia holding the knife during the armed robbery and aggravated assault until the Thursday before trial. The state subsequently informed defense counsel about this finding, at the latest, the following Monday. This disclosure complied with the newly discovered evidence statute.

As for the bad faith requirement, the record is devoid of any evidence showing that the state acted in bad faith regarding this evidence, and Herieia does not identify any act of bad faith on the

---

[2] OCGA § 17-16-4 (c).

[3] See *Williams v. State*, 261 Ga. App. 410, 416 (6) (a) (582 SE2d 556) (2003).

part of the state or argue that the state knowingly withheld the evidence.[4] It is undisputed that the state did not know of the knife's relevance until the final interview with the victim in the presence of an interpreter. Without a showing of bad faith on the part of the state, Herieia's claim must fail.[5]

Moreover, even assuming the prosecutor failed to comply with OCGA § 17-16-4 or exercised bad faith in failing to disclose the evidence, the trial court had no authority to prohibit the state from presenting the knife at trial because Herieia failed to show prejudice by the state's failure to disclose this evidence earlier.[6] The record shows that Herieia was told prior to trial about the victim's statement, the state brought the physical evidence and photographs to the courthouse and Herieia reviewed them prior to trial, Herieia had time to contemplate the evidence and was able to attack it through a vigorous and extensive cross-examination of the victim, and Herieia was not charged with any crime involving the knife.

In addition, though the record shows that the victim chose not to speak with Herieia's counsel, Herieia had the right to interview the victim prior to trial and discover what the witness was going to say at trial.[7] It was not incumbent upon the state to discover this new information from the victim before trial, and if the state had not had that final interview with the victim, the information would not have been discovered until during the trial. We find no abuse of discretion in the trial court's rejection of Herieia's complaint regarding the timeliness of the service of discovery material.

2. Herieia asserts the trial court erred by admitting hearsay evidence from a police officer about two Hispanic males being involved in a firearm discharge. The record shows that during his testimony, a police officer, while explaining his actions in regard to investigating the Chevrolet Monte Carlo that he had seen earlier, testified, "my dispatch advises me . . . that a white Monte Carlo occupied by two Hispanic males — this is the call radio received — is involved with this reported discharged firearm." Herieia argues this statement constituted hearsay. We disagree. The officer clearly offered this testimony to explain his conduct in turning his attention to an investigation of the Monte Carlo, and the officer did not relate

---

[4] Compare *Johnson v. State*, 281 Ga. App. 455, 457-458 (1) (636 SE2d 178) (2006) (state acted in bad faith by intentionally eliciting testimony about defendant's admission that had not been disclosed but known by state "long before the trial").

[5] See OCGA § 17-16-6; see also *Franklin v. State*, 224 Ga. App. 578, 579 (2) (481 SE2d 852) (1997) (physical precedent only).

[6] See *Bales v. State*, 277 Ga. 713, 716 (2) (594 SE2d 644) (2004) (in order to gain exclusion of evidence due to a discovery violation, the defendant must show prejudice and bad faith).

[7] See *Foster v. State*, 170 Ga. App. 222, 223 (2) (316 SE2d 828) (1984).

the exact words that had been provided by dispatch or offer the dispatch words for the truth of their content.[8]

Even if admission of this testimony was error, it was harmless. "[T]he improper admission of this type of evidence is subject to harmless error analysis. And where such hearsay evidence is merely cumulative of properly admitted evidence, we have found no harm."[9] Here, the officer's hearsay testimony regarding what his dispatch told him was cumulative of other properly admitted evidence. A witness had previously testified on cross-examination that the two assailants charged in the present case were known to drive a white Monte Carlo. In addition, the victim's cell phone was discovered inside the car, and Herieia's co-defendant left in the police car a bill of sale and insurance card for the Monte Carlo — thus tying the defendants to the car.

Furthermore, even if it was error to allow the testimony, it is highly probable that this error did not contribute to the verdict in light of eyewitness identification of Herieia and testimony regarding his involvement in the crimes.[10] Both the victim and the witness identified Herieia and his co-defendant as the men who robbed and assaulted the victim with a gun. The trial court did not err in permitting the dispatch comment into evidence.

3. Herieia contends his confrontation rights were violated when the trial court admitted testimony into evidence about a second unidentified victim. The record shows that the victim testified that he personally observed Herieia and his co-defendant confront another individual and take money and a cell phone from this individual. Contrary to Herieia's claim, this testimony was not hearsay. The victim did not testify about any statements made by this second victim; he merely recounted what he observed.

Moreover, the testimony was admissible as part of the res gestae of the armed robbery and aggravated assault against the victim at issue in the trial.[11] This other act occurred in the same place and during the same time that Herieia and his co-defendant were committing the crimes against the victim at issue in the trial. The trial court did not abuse its discretion in admitting the victim's testimony.

---

[8] Compare *Moore v. State*, 281 Ga. App. 141, 143-144 (2) (635 SE2d 408) (2006) (error for investigating officer to relate exact words of 911 caller).

[9] (Footnotes omitted.) Id. at 144 (2); see also *Zachery v. State*, 276 Ga. App. 688, 691 (2) (624 SE2d 265) (2005).

[10] See *Thomas v. State*, 284 Ga. 540, 545 (2) (668 SE2d 711) (2008); *Weems v. State*, 269 Ga. 577, 579 (2) (501 SE2d 806) (1998).

[11] See OCGA § 24-3-3; see also *Carter v. State*, 269 Ga. 891, 892 (3) (506 SE2d 124) (1998); *Spurlin v. State*, 228 Ga. 2, 5 (4) (183 SE2d 765) (1971).

4. Herieia claims he was denied effective assistance of trial counsel because his counsel elicited highly prejudicial and inadmissible character evidence against him from the eyewitness to the crimes. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[12] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[13] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[14] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[15]

The record shows that Herieia's trial counsel was an experienced criminal trial attorney. He had practiced criminal law as a defense attorney for four years and, prior to that, was an assistant district attorney for two years. Trial counsel had participated in fifteen to twenty criminal trials, including two murder trials. A review of the trial transcript and record in this case shows that he vigorously argued evidentiary motions, cross-examined the state's witnesses, and thoroughly cross-examined the victim about his lack of forthcomingness about the knife.

During cross-examination of the eyewitness, trial counsel questioned the witness regarding his knowledge that Herieia had been in a white Chevrolet Monte Carlo: "And how did these neighbors or tenants get this information?" The witness responded:

> I don't know if what I am going to say is fair or not, but this was not the first time they [(Herieia and his co-defendant)] had done anything like this. It was sort of like everybody had their eye on them. Everybody was watching out because they had done quite a bit of damage before. They are known, well known there at the Franklin and people are afraid of

---

[12] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).
[13] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).
[14] *Page v. State*, 287 Ga. App. 182, 183 (1) (651 SE2d 131) (2007).
[15] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

them. . . . And because, you know, these guys are not good guys.

This response was rambling and nonresponsive to trial counsel's question, and trial counsel continued with questions that did not explore Herieia's character. Trial counsel explained at the motion for new trial hearing that as a matter of trial strategy he did not object to the response because he "did not want to re-raise the . . . bad character evidence that [the witness] went into that was not requested, but he essentially spouted out on cross-examination."

While trial counsel's cross-examination of the eyewitness may have elicited testimony containing character evidence, trial counsel was pursuing a reasonable and legitimate trial strategy during his questioning: he was inquiring as to the basis of the eyewitness' personal knowledge of the event in question. And a non-responsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue.[16] Moreover, "[a] trial counsel's decision not to object to statements that might have impugned the defendant's character is a tactical one, and the trial court properly found that [Herieia's] trial counsel was not ineffective."[17]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MAY 14, 2009.

*Romin V. Alavi*, for appellant.
*Patrick H. Head*, District Attorney, *Amelia G. Pray, Ann B. Harris*, Assistant District Attorneys, *Richard H. Kimberly, Jr.*, for appellee.

---

[16] *Woodard v. State*, 277 Ga. 49, 51 (3) (586 SE2d 330) (2003); *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).

[17] (Citation omitted.) *Page*, supra; *Smith v. State*, 234 Ga. App. 586, 589 (1) (a) (ii) (506 SE2d 406) (1998).